# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marlon Ramos,<br><br>    Petitioner,<br><br>v.<br><br>Jon Gurule, et al.,<br><br>    Respondents. | No. CV-17-03363-PHX-DJH<br><br>**ORDER** |

    This matter is before the Court on Marlon Ramos' ("Petitioner") *pro se* Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1), and the Report and Recommendation ("R&R") (Doc. 14) issued by United States Magistrate Judge Michelle H. Burns on August 22, 2018. In his Petition, Petitioner challenged his continued detention in Immigration and Customs Enforcement ("ICE") without a bond hearing. (Doc. 1). On March 19, 2018, Respondent filed response to the Petition (Doc. 11), informing the Court that the immigration court had held on a bond hearing on March 12, 2018. (Doc. 11 at 2; Doc. 11-1). Petitioner did not file a reply in support of his Petition and on August 10, 2018, Judge Burns issued an order requiring Petitioner to show cause within ten (10) days as to why his Petition should not be dismissed as moot. (Doc. 12). Plaintiff did not respond. Judge Burns thereafter concluded that because Petitioner's sole relief had been granted, the Petition was moot and recommended it be denied and dismissed accordingly.

    In her R&R, Judge Burns advised the parties that they had fourteen days to file

objections and that the failure to timely do so "may result in the acceptance of the Report and Recommendation by the district court without further review." (Doc. 14 at 3) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003)). Petitioner has not filed an objection and the time to do so has expired. Respondents have also not filed an objection. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed Judge Burns' R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and dismiss the Petition. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Burns' R&R (Doc. 14) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **denied and dismissed as moot**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

…

…

…

1 **IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action
2 and enter judgment accordingly.
3 Dated this 9th day of April, 2019.

_____
Honorable Diane J. Humetewa
United States District Judge